[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 3, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10899
Non-Argument Calendar

_____

Agency No. A98-677-333

DIANA CARMEN GRISALES GRANADA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 3, 2009)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Diana Carmen Grisales Granada petitions for review of the Board of

Immigration Appeals' decision denying her motion to reopen her removal proceedings. Grisales contends that the BIA erred in finding that she had not been prejudiced by her former counsel's ineffective assistance.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." Reyes-Sanchez v. United States Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004) (citation and quotation marks omitted). "Insofar as the BIA adopts the IJ's reasoning, we review the IJ's decision as well." Chen v. United States Atty. Gen., 463 F.3d 1228, 1230 (11th Cir. 2006). "[W]e review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion. Dakane v. United States Att'y Gen., 399 F.3d 1269, 1272 n.2 (11th Cir. 2004); see also I.N.S. v. Abudu, 485 U.S. 94, 96, 108 S. Ct. 904, 907 (1988) (stating that the BIA has "broad discretion in considering motions to reopen").

In removal proceedings an alien "shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as [s]he shall choose." 8 U.S.C. § 1362. There is no Sixth Amendment right to counsel in removal proceedings. Dakane, 399 F.3d at 1273. We have held, however, that an alien who has obtained counsel has a right to effective assistance under the Due Process Clause of the Fifth Amendment. Id.

The BIA imposes three threshold procedural requirements on a petitioner who brings a claim for ineffective assistance of counsel. Gbaya v. Untied States

2

Att'y Gen., 342 F.3d 1219, 1221 (11th Cir. 2003) (citing Matter of Lozada, 19 I & N Dec. 637, 639 (BIA 1988)). The petitioner must support her claim with an affidavit describing the ways in which counsel's performance was defective; counsel must receive notice of the ineffective assistance claim and must have an opportunity to respond; and the motion must state whether the petitioner has filed a complaint with the appropriate disciplinary bodies, and if not, why. Gbaya, 342 F.3d at 1221. The BIA found that Grisales substantially complied with Lozada's procedural requirements.

In addition to meeting the Lozada requirements, "a petitioner claiming ineffective assistance of counsel in a motion for reconsideration must also show prejudice." Dakane, 399 F.3d at 1274. "Prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." Id. The alien bears the burden of demonstrating prejudice. Id. ("[A]n alien must establish that his or her counsel's performance was deficient to the point that it impinged upon the fundamental fairness of the hearing such that the alien was unable to reasonably present his or her case.").

At her removal hearing Grisales testified that an assault that had occurred on September 18, 2003 led to her decision to flee Colombia. Two men who identified themselves as members of FARC told her to stop her activities with the Liberal

3

Party, and one of them stabbed her four times on the arm. She stated: "After he struck me I was already on the ground and he kept saying—and he said because you did not pay attention to the warnings that we gave you over the phone, this is only a beginning of what can happen to you." Grisales was hospitalized for four days, and she produced corroborating evidence of her medical treatment. In her asylum application, however, Grisales did not include information about any assault. At her removal hearing, she testified about the omission of that information as follows:

> Q.    Ma'am, you testified today that you had a very traumatic experience on September 18, 2003. Is that right?
>
> A.    Yes.
>
> Q.    However, you forgot to include that information in your asylum application. Can you explain why?
>
> A.    Well it's not that I forgot, it's just that the person that translated the information did not include it in the application and since I don't speak the language, I was not able to — to verify whether that information was included or not and since I did not see this individual again, he just came and took my money and I never saw him again.

Thus, she attributed that particular error in the asylum application to her translator, but she also testified that her attorney told her to wait to correct errors in her application until the hearing. Grisales testified about translator error in relation to

some inconsistencies in the dates of her employment, explaining that her attorney

told her to correct mistakes in the application at the hearing:

> Q.     Ma'am, if you knew this was a mistake or a translator problem,
>        why haven't you amended your application before the Court?
>
> A.     You mean today?
>
> Q.     Before today.  You say you were aware that this was a mistake,
>        riddled with problems from the translator you could not find or
>        locate.  So why hadn't you amended your application, in writing,
>        to correct these mistakes prior to today's hearing?
>
> A.     Because I was — because I was under the impression that we
>        were to amend those errors today in according to what my
>        attorney told me.

Grisales testified that "there were lots of mistakes" in her application.

The IJ found that Grisales' testimony was not credible because her testimony

was inconsistent with her asylum application.   Specifically, he focused on her

testimony about the September 18, 2003 assault, and her failure to include any

reference to that significant event in her application:

> While the Court, during direct-examination, seemed moved by both of
> [Grisales'] statements of September 18, 2003, where she was allegedly
> attacked by two individuals and claimed that she was confronted solely
> because of her involvement in the Liberal Movement and that she had
> failed to heed previous warnings, apparently referencing the phone
> calls that she had indicated that she had received about the marches
> and demonstrations that she had participated in, seeking the release of
> those persons who had been kidnapped, and then struck four times on
> her body, and had submitted corroborating evidence from the medical
> doctor who had treated her regarding the extent of those wounds, the
> Court would note that the respondent's detailed addendum, attached to

her affirmative asylum application, omitted any reference to September 18, 2003 or any reference that she was ever harmed physically or otherwise in Colombia. . . . She has not satisfactorily explained why her detailed asylum statement omits any reference to an incident of September 18, 2003, and any reference as to any physical assault, regardless of what the motivation may or may not have been.

The IJ noted that Grisales apparently believed that she would have the opportunity to correct her application through her testimony, but he concluded that it was "not clear" why any reference to the assault was omitted from her application. He did not specifically mention her testimony about the advice she received from her lawyer, which counsel apparently did not dispute at the hearing.

The IJ went on to observe that Grisales' asylum application "clearly . . . does not reference any physical assault or attack on her, the date to which she has testified that was the most significant that lead [sic], weeks later, for her to depart Colombia and come to the United States." Therefore, the IJ concluded that "the Court can only find that the respondent has generated this incident, subsequent to the filing of her asylum application and failing to equate the omission previously from her testimony today, leaves the Court believing that her testimony has been inconsistent with her previous application and it is a material omission and conflict from the application process." As a result, the IJ denied her petition for asylum based on "the incredible nature of the previous asylum application and the omission of the material facts to which she has testified to today" at the hearing.

The BIA denied Grisales's motion to reopen based on ineffective assistance of counsel because Grisales did not identify the errors in her application and did not explain how they affected the outcome of her case. The BIA concluded that Grisales failed to assert that her former counsel was responsible for the application's omission of any reference to the physical assault and failed to show that her counsel's ineffective assistance prejudiced her. Also, the BIA observed that during an earlier hearing the IJ had instructed Grisales that any changes or corrections to her asylum application had to be made ten days before the removal hearing, and Grisales agreed that she understood.[1]

The government contends that Grisales has failed to specify what the errors were in her asylum application and how they affected the outcome of her case. The gist of the government's argument is that in order to show prejudice Grisales should have asserted that her attorney was responsible for the original omission of a reference to the assault in the application.

Grisales did not assert that her former counsel was responsible for the original omission from the application because she attributed that to translator error. Grisales did and does assert that her former counsel was responsible for the existence of errors in her application at the time of the hearing because counsel told Grisales to wait until then to correct them.

---

[1] Grisales was not represented by counsel at that earlier hearing.

We need not reach the question of prejudice because we conclude that Grisales has not proved that the assistance of her former counsel was inadequate. The IJ disbelieved Grisales' testimony that her former counsel was responsible for the omissions from and errors in her application at the time of the hearing, and the IJ found that Grisales "generated" the story about the assault. The BIA accepted the IJ's finding that Grisales had failed to show that her former counsel was responsible for any omissions in her application or for any delay in amending her application.

Motions to reopen do not provide a second opportunity for an applicant to litigate her credibility, and we will not revisit an adverse credibility finding. "Since the BIA has broad discretion to grant or deny motions to reopen, in reviewing such a motion, we are precluded from passing on the merits of the underlying exclusion proceedings, including adverse credibility determinations." Shou Yung Guo v. Gonzales, 463 F.3d 109, 113 (2d Cir. 2006) (internal quotation marks omitted). The BIA did not abuse its discretion when it denied Grisales' motion to reopen based on ineffective assistance of counsel.

**PETITION DENIED.**